LEHNEN v. LEHNEN.

PARTNERSHIP—NOT ESTABLISHED BY EVIDENCE.
    In a suit to establish a partnership, and for an accounting, the
        finding of the court below that no partnership in fact existed,
        *held,* justified by the evidence.

Appeal from Kent; Dunham (Major L.), J. Submitted January 16, 1929. (Docket No. 132, Calendar No. 34,036.) Decided March 29, 1929.

Bill by Joseph Lehnen against John (alias Jake) and Peter Lehnen for dissolution of partnership and accounting. Defendant Peter Lehnen filed a cross-bill. From decree dismissing the bill and cross-bill, plaintiff appeals. Affirmed.

*Renihan & Lilly,* for plaintiff.

*Dunham & Cholette,* for defendant John Lehnen.

CLARK, J. Plaintiff Joseph Lehnen filed this bill to have a finding that a partnership existed between him and the defendants, his brothers, and for accounting. Defendant John answered and denied partnership. Defendant Peter filed answer and cross-bill, and, with apparent reluctance, sided with plaintiff as against John. The court found no partnership in fact, and dismissed the bill and the cross-bill. Plaintiff has appealed.

In 1908 the parties in Grand Rapids by a somewhat indefinite oral agreement formed a partnership called Lehnen Company, and made some contributions toward capital. John managed the business.

Peter rendered service. Joseph was engaged in other employment. The relation continued until 1911, when the business failed, the partnership property was taken on foreclosure of a chattel mortgage, the liabilities were nearly $1,400, and the assets about $100, the bank account was $18 with outstanding check of $25. Peter announced to John that he was "through with Lehnen Company," and Peter's conduct from 1911 to 1926, when this suit was in the making, indicates that that continued to be his attitude. Circumstances show that Joseph also quit the partnership; among such circumstances are, that from 1911 to 1926 he paid no attention to it, made no inquiry respecting it, sought nothing of it, and absented himself from the city for several years at a time in full indifference to it.

After the failure of the firm, John engaged in a like business, under the same assumed name. Later he changed the name. His withdrawals from the business were limited to his necessities. His wife devoted 13 years of her time to the business, for which she received nothing. John's occasional use of the old firm name, with recital of the names of all three partners, is a circumstance against him. But on consideration of all the evidence we are in accord with the finding and conclusion of the trial judge.

Decree affirmed, with costs against appellant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.